SARAH A. BOICE, The (JAMES v.). See Case No. 7,183.

## Case No. 12,340.

### The SARAH AND CAROLINE.

[Blatchf. Pr. Cas. 123.] [1]

District Court, S. D. New York. March, 1862.

PRIZE—CAPTURE—PROOFS—JURISDICTION OF COURT.

1. Vessel and cargo held as enemy property, on the papers found on board; but, no legal proofs being furnished of the actual capture, or of any inability to furnish proof of the time and place of seizure, a decree of condemnation was deferred, until such testimony should be produced, or an excuse be furnished for the admission of secondary proof.

2. There having been no appearance, on due return of the warrant of arrest of the cargo, and the capture having vested jurisdiction in the court over the property seized, the court ordered the cargo to be sold, and the proceeds to be brought into court.

3. The vessel was not arrested on the monition.

In admiralty.

BETTS, District Judge. The libel in this suit alleges that the schooner, with the cargo of sixty barrels of spirits of turpentine, was captured by the United States steamer Bienville, on the 11th of December, 1861, on the Atlantic Ocean, off the mouth of St. John's river, Florida, and that they are prize of war. The schooner, on survey, was at the time reported unseaworthy to be navigated in the winter season to a northern port, and her cargo was transshipped December 20, 1861, on board the merchant brig Belle of the Bay, and brought to the port of New York. The papers on the vessel authenticated by the Rebel authorities of Florida, show that the vessel and cargo were enemy property, and are, accordingly, both subject to condemnation and forfeiture; but no legal proofs are laid before the court of the actual capture of the same at sea, nor that any

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Samuel Blatchford, Esq.]

physical or moral inability existed to produce evidence of the time and place of seizure. Therefore, according, to the ordinary procedure in a prize court, a decree of condemnation of the same must be deferred until such testimony is produced, or a lawful excuse is furnished for the admission of secondary or lesser proof.

No appearance having been entered in the suit on due return of the warrant of arrest of the cargo, and the capture having vested jurisdiction in the prize court over the property seized, it is ordered that an interlocutory order for the sale of the cargo arrested in the cause be made, and that the proceeds thereof be deposited in the cause in the registry of the court, to abide the further order of the court.

No return of the arrest of the schooner on the monition is made to the court, and no order for her condemnation can be granted without ulterior proceedings in the action to that end.

[Further proofs were laid before the court, and on the hearing a decree of condemnation was entered. Case No. 12,341.]